James LILLY, Jr., Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 85–8528.

United States Court of Appeals, Eleventh Circuit.

July 7, 1986.

Thomas J. Waldrop, Federal Public Defender, Atlanta, Ga., for petitioner-appellant.

William L. McKinnon, Asst. U.S. Atty., Atlanta, Ga., respondent-appellee.

Before VANCE and JOHNSON, Circuit Judges, and BOWEN *, District Judge.

VANCE, Circuit Judge:

In this case defendant James Lilly, Jr. appeals the district court's denial of Lilly's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence for conspiracy to possess with intent to distribute heroin and cocaine. Lilly claims that the district court failed to comply with Fed. R.Crim.P. 11(e)(2) and that he was therefore misled concerning whether he would have the right to withdraw his guilty plea. After reviewing the record, we affirm the district court's order denying collateral relief.

I. *Facts and Procedural History*

A 1982 indictment charged Lilly with conspiring to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846. Lilly entered into a plea agreement in which the government agreed to recommend to the district court a maximum sentence of eighteen months in prison in exchange for Lilly's cooperation in this and other pending cases.[1] Lilly, represented by counsel, then appeared before a magistrate. The magistrate screened the proposed plea of guilty using the "forty questions form," question 34 of which reads as follows:

> Do you understand that if the court refuses to accept such an agreement, you would have the right to withdraw your plea of guilty and plead not guilty?

Lilly answered "yes" to this question. The magistrate approved the proposed plea and referred the case to the district court for arraignment and sentencing.

Before the district court, Lilly entered his plea of guilty. The following excerpted dialogue occurred between the district court and Lilly:

> THE COURT: The maximum punishment is 15 years in prison or $25,000.00 fine or both.
>
> Do you understand that?
>
> MR. LILLY: Yes, your honor.
>
> THE COURT: And I know there's a plea bargain in the case, but I want you to understand the court considers this to be a very serious offense, and there's a very good likelihood that I will not go along with that plea bargain.
>
> Do you understand that?
>
> MR. LILLY: Yes, your honor.
>
> THE COURT: Understanding that, do you wish to enter a plea?
>
> MR. LILLY: Yes, your honor.
>
> . . . .
>
> THE COURT: [The plea bargain] is simply a recommendation to the court. It's

---

* Honorable Dudley H. Bowen, Jr., U.S. District Judge for the Southern District of Georgia, sitting by designation.

1. The plea agreement was negotiated under Fed. R.Crim.P. 11(e)(1)(B), which states:

 The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

 . . . .

 (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court.

 Fed.R.Crim.P. 11(e)(1)(B).

not binding on the court, and I could give you 15 years in prison or $25,000.00 fine or both.

Do you understand that?

MR. LILLY: Yes, your honor.

. . . .

THE COURT: Do you understand there's a very substantial likelihood you will get a sentence larger than this, or a good bit larger than this?

MR. LILLY: Yes, your honor.

THE COURT: And understanding that, you wish to plead guilty?

MR. LILLY: Yes, your honor.

. . . .

THE COURT: Do you have any question you would like to ask me about your plea of guilty or about anything I've said so far?

MR. LILLY: No, your honor.

THE COURT: You're pleading guilty entirely freely and voluntarily?

MR. LILLY: Yes, your honor.

THE COURT: Do you have any mental reservation at all about whether this is the right thing to do?

MR. LILLY: No, your honor.

THE COURT: It appears to the court that the plea is freely and voluntarily entered with an understanding of the nature of the charges against him and the consequences of the plea, and I will accept it.

The court sentenced Lilly to the custody of the Attorney General for a period of ten years.

Lilly filed a Rule 35 motion for reduction of sentence, and the district court denied the motion. He later filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. A magistrate, after an evidentiary hearing, recommended that the section 2255 motion be denied.[2] The district court adopted the magistrate's recommendation and denied the motion.[3]

## II. *Discussion*

We now turn to a consideration of Lilly's contention that the district court's failure to comply with Rule 11 misled him as to his ability to withdraw his guilty plea and thereby prejudiced him. Lilly notes that the district court did not comply with Rule 11(e)(2), which states in pertinent part:

If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea.

Fed.R.Crim.P. 11(e)(2). Lilly claims that this omission, coupled with question 34 of the "forty questions form" administered by the magistrate at Lilly's plea screening, misled him and thus deprived him of knowledge of the direct consequences of his guilty plea, a core concern of Rule 11.

Our analysis of Lilly's argument begins with our recognition of the posture of this case—a collateral attack on Lilly's sentence based on a Rule 11 violation. The Supreme Court in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), stated that collateral relief is not available to a defendant who can show only a failure to comply with the formal requirements of Rule 11. In *Timmreck* the defendant sought collateral relief under section 2255 based on the district court's violation of Rule 11 by failing to inform him of the mandatory special parole term required by the applicable statute. The Supreme Court concluded that this formal violation of Rule 11 did not result in a complete miscarriage of justice or a proceeding inconsistent with the rudimentary demands of fair procedure. *Id.* at 784, 99 S.Ct. at 2087. In denying collateral relief to the defendant, the Court noted that the defendant's claim could have been raised on direct appeal but was not, and the Court found no basis for allowing Timmreck's collateral attack to do service for an appeal. *Id.* The

---

**2.** The magistrate also recommended that Lilly be granted an out-of-time appeal from the denial of his Rule 35 motion.

**3.** The district court noted that it lacked jurisdiction to grant an out-of-time appeal from the denial of Lilly's Rule 35 motion.

Court stated that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id.* (footnote omitted).

This court in an en banc decision prior to *Timmreck* came to a similar conclusion. In *Keel v. United States,* 585 F.2d 110 (5th Cir.1978) (en banc), we affirmed the district court's denial of habeas relief to the defendant in a case in which the district court had not literally complied with Rule 11. The court had misinformed the defendant as to the maximum sentence he could receive. We held:

> [W]hen a collateral attack is made on a guilty plea for failure of the district court to literally comply with new Rule 11, the defendant must show prejudice in order to qualify for § 2255 relief. In the absence of a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure, relief cannot be given in a collateral attack on a guilty plea conviction based on failure of Rule 11 compliance when the plea was taken.

*Id.* at 113. In *Keel* we based our holding on the reasoning of the same case relied on by the Supreme Court in *Timmreck, Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).[4] In rejecting the de-fendant's claim we noted that he had failed to show that he was prejudiced by the technical error or that the error rendered the proceeding so fundamentally defective as to result in a miscarriage of justice.[5] *Keel,* 585 F.2d at 114.

 We conclude that the district court's failure to comply with Rule 11 in Lilly's case was a formal violation that did not result in a miscarriage of justice or a proceeding inconsistent with the rudimentary demands of fair procedure.[6] We hold, therefore, that collateral relief under section 2255 is not available to Lilly. In reaching this conclusion we note that Lilly has not shown that he was prejudiced by the district court's failure to comply with Rule 11(e)(2). As quoted earlier, the district court on several occasions informed Lilly that the plea agreement's recommendation was not binding on the court and that there was a substantial likelihood that he would receive a sentence larger than that recommended. Lilly stated that he understood this and that his guilty plea was freely and voluntarily given. Lilly's attorney testified at the section 2255 evidentiary hearing that he warned Lilly that the trial judge likely would give a tougher sentence than that recommended in the plea agreement, but Lilly insisted that they go ahead with the guilty plea hoping that the judge would follow the recommendation. Lilly made no

---

4. In *Hill,* the Supreme Court considered whether a collateral attack could be based on a violation of Fed.R.Crim.P. 32(a), which gives the defendant the right to make a statement on his own behalf before sentencing occurs. In finding collateral relief unavailable the Court stated:

> The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentencing is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.

*Hill,* 368 U.S. at 428, 82 S.Ct. at 471.

5. We based this holding on our conclusion that the record supported the district court's findings that the trial judge's mistake was unintentional,

that the defendant had not been threatened with the imposition of the misstated maximum sentence if he pled not guilty, that the misinformation occurred after the defendant had already indicated his desire to plead guilty, and that the erroneous information had not influenced the defendant to change his plea from not guilty to guilty. *Keel,* 585 F.2d at 112–14.

6. We note also that in 1983 subdivision (h) was added to Rule 11. That provision states that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). The legislative history accompanying the 1983 amendment to Rule 11 states that "[s]ubdivision (h) makes clear that the harmless error rule of Rule 52(a) is applicable to Rule 11." The legislative history further notes the viability of the subdivision (h) harmless error rule in both direct appeals of and collateral attacks on Rule 11 violations.

attempt to withdraw his guilty plea. He did not make a direct appeal, and he waited over a year and a half to make this collateral attack on his guilty plea.

■ We also find Lilly's argument that he was misled by question 34 of the "forty questions form" administered by the magistrate at his plea screening unpersuasive. Question 34 indicates that if the court refuses to accept the plea agreement, the defendant may withdraw the plea of guilty. The district court, however, may accept the plea agreement and yet permissibly not follow the plea agreement's recommendation. Question 34 does not state that if the court refuses to follow the *recommendation* of the plea agreement the defendant may withdraw the plea of guilty. In this case the district court simply refused to follow the plea agreement's recommendation, as it indicated to Lilly on several occasions prior to accepting his guilty plea that it would. The fifth circuit has enunciated three core concerns of Rule 11: "(1) a guilty plea must be free from coercion; (2) the accused must understand the nature of the charges against him; and (3) the accused must know the direct consequences of his guilty plea." *United States v. Corbett,* 742 F.2d 173, 178 (5th Cir.1984). We are convinced that these core concerns were met here, and that Lilly was not prejudiced by the district court's failure to comply with the formal requirements of Rule 11.

The defendant's reliance on *United States v. Iaquinta,* 719 F.2d 83 (4th Cir. 1983), and *United States v. Missouri Valley Construction Co.,* 704 F.2d 1026 (8th Cir.1983), is misplaced because those cases concerned *direct* appeals.[7] The important distinction between a collateral attack and a direct appeal in this area was noted in

both *Timmreck* and *Keel. Timmreck,* 441 U.S. at 784, 82 S.Ct. at 2087. *Keel,* 585 F.2d at 112–13 (emphasizing that the en banc court "expresses no opinion whatsoever on those panel decisions which impose a *per se* rule on direct appeal," allowing a defendant to withdraw his guilty plea merely because the district court had not literally complied with the requirements of Rule 11).

The district court's order denying relief under section 2255 is AFFIRMED.

JOHNSON, Circuit Judge, dissenting:

I agree with the majority that we should not grant relief for a mere formal violation of Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). However, in my judgment the circumstances surrounding the entry of petitioner's guilty plea violated a core concern of Rule 11, and thus rendered the plea proceeding fundamentally unfair.

In this case, the Government agreed to recommend a maximum sentence of 18 months' incarceration if petitioner would plead "guilty" and would cooperate in future cases. As part of the plea-screening process, petitioner appeared before a magistrate. The magistrate executed a form known as the "forty questions form" with the defendant. Question 34 of that form stated: "Do you understand that if the court refuses to accept such an agreement, you would have the right to withdraw your plea of guilty and plead not guilty?" The defendant answered "yes."

Before passing sentence, the district judge informed petitioner that the court was probably going to give him a more severe sentence than what was recom-

---

**7.** The fourth circuit in *Iaquinta* held that the district court must substantially inform the defendant of the admonition in Rule 11(e)(2) and must determine that the defendant understands it. *Iaquinta,* 719 F.2d at 85. The court concluded that an instruction by the district court to the defendant that the court was not bound by any recommendations did not substantially inform the defendant that he had no right to withdraw his guilty plea if the court refused to accept the sentencing recommendation. *Id.* The eighth circuit in *Missouri Valley* held that a guilty plea should be set aside and the defendant allowed to plead anew if the district court in accepting the guilty plea failed to comply substantially with the requirements of Rule 11. *Missouri Valley,* 704 F.2d at 1029. The court further stated that in a *direct* appeal the defendant was not required to show prejudice to obtain relief. *Id.* at 1030.

mended in the plea agreement. However, the judge did not inform petitioner that, contrary to the statement in the forty questions form, petitioner could not withdraw the guilty plea after he was sentenced. Petitioner entered a guilty plea. The judge accepted this plea and sentenced petitioner to ten years' imprisonment.

Through counsel, appellant filed a motion for reduction of sentence pursuant to Fed. R.Crim.P. 35, which motion was denied. Despite appellant's request that counsel appeal this denial, counsel did not file any appeal.

As the majority notes, because this case is an appeal from the denial of relief in a collateral proceeding under 28 U.S.C.A. § 2255, we must apply a different standard than we would if the case arose on direct appeal. In order to obtain relief on the issue of the Rule 11 violation, petitioner must show that there was "cause" for his failure to raise the issue on direct appeal, and that the violation resulted in "actual prejudice." *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

As previously noted, the reason petitioner did not file a direct appeal in this case was that his attorney refused to file such an appeal, in spite of petitioner's explicit request that he do so. Under these circumstances, petitioner has demonstrated "cause" for his failure to challenge the plea proceedings on direct appeal.

To show "actual prejudice," petitioner must demonstrate that the alleged error "by itself so infected the entire trial that the resulting conviction violates due process." *Frady, supra,* 456 U.S. at 167, 102 S.Ct. at 1594. This Court has equated the violation of one of the "core concerns" of Rule 11 with "actual prejudice." *See United States v. Dayton,* 604 F.2d 931, 938 (5th Cir.1979) (en banc), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). Thus, petitioner would be entitled to relief if he can show that the plea proceeding in the instant case violated one of the core concerns of Rule 11.

In *United States v. Dayton, supra,* we held that Rule 11 has three core concerns: (1) a guilty plea must be free from coercion; (2) the accused must know the direct consequences of the guilty plea; and (3) the accused must understand the nature of the charges against him. *See United States v. Corbett,* 742 F.2d 173, 178 (5th Cir.1984). The record indicates that petitioner was not coerced into pleading "guilty," and that he understood the nature of the charges against him. However, the record also shows that the accused was not informed of the direct consequences of his guilty plea.

Petitioner clearly was apprised of one consequence of the guilty plea: that, in the event a guilty plea was entered, he would probably receive a more severe sentence than that which the Government had recommended. However, petitioner was not apprised of an equally significant consequence: that, in the event the court did not uphold the Government's end of the bargain, petitioner would not be entitled to revoke his end of the bargain. In addition to failing to inform petitioner of this consequence, the magistrate affirmatively misinformed petitioner on this subject. On the basis of the "forty questions form," appellant had every reason to believe that he would be entitled to withdraw his plea if he received a stiffer sentence than the Government had agreed to.

Under these circumstances, the majority errs in holding that the defendant knew the direct consequences of his guilty plea. *See United States v. Iaquinta,* 719 F.2d 83 (4th Cir.1983); *United States v. Missouri Valley Construction Co.,* 704 F.2d 1026 (8th Cir.1983). I find the majority's argument that the district court accepted the plea agreement, while simply refusing to follow the "recommendation" of that agreement, to be remarkable. I would hold that the district court's failure to address a core concern of Rule 11 rendered the plea proceeding fundamentally unfair, and that petitioner's guilty plea should be set aside. Accordingly, I dissent.