**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brian Douglas ZICKERT, Defendant–Appellant.**

No. 90–3729.

United States Court of Appeals, Eleventh Circuit.

Feb. 24, 1992.

Alvin E. Entin, Entin, Schwartz, Goldman, Margules, More & Sarnoff, P.A., Miami, Fla., for defendant-appellant.

Greg Miller, Joseph K. Ruddy, Asst. U.S. Attys., Tampa, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, HATCHETT, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This is an appeal from a sentence imposed on a plea of guilty in a federal criminal drug importation case from the United States District Court for the Middle District of Florida. The primary complaint of the appellant, Brian Zickert, concerns the district court's noncompliance with Fed. R.Crim.P. 11(e)(1)(B) ("Rule 11(e)(1)(B)"). Specifically, the issue is whether the district court committed harmless error when it failed to tell Zickert that he had no right to withdraw his plea of guilty if the court refused to impose the sentence recommended by the government.

We conclude that this omission by the district court violated Zickert's right to know the consequences of his plea. Therefore, we reverse the district court's order denying Zickert's motion to withdraw his plea and remand with instructions to allow him to plead anew.[1]

## I.

Zickert and two co-defendants were arrested in July of 1988 for attempting to smuggle cocaine into the United States. The government sought indictments in both the Southern District of Florida and the Middle District of Florida on separate offenses related to the venture.

Zickert was indicted first in the Southern District of Florida. He negotiated a plea agreement with the government, and was sentenced to a term of five years in prison. His five year sentence reflected a reduction under Fed.R.Crim.P. 35 ("Rule 35")[2] for his cooperation with the prosecution in that court. R3–18.

Zickert was next indicted in the Middle District of Florida on a second offense related to the smuggling attempt, and entered into a second plea agreement with the government on that offense on July 11, 1989.[3] In summary, this agreement stated that the government would (1) recommend that any sentence imposed in the Middle District run concurrently with Zickert's sentence in the Southern District; (2) furnish the court with reasons acceptable for imposing a sentence outside the Sentencing Guidelines; (3) advise the court of Zickert's cooperation; and (4) recommend that the

---

1. The rearraignment hearing at which the district court deviated from Rule 11 occurred on July 11, 1989. Zickert was sentenced on March 22, 1990. His appeal is therefore not waived under *United States v. Jones*, 899 F.2d 1097 (11th Cir.), *cert. denied, Jones v. United States*, —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990) (objections to sentence will be waived where the district court offered the opportunity to object and a party is silent or fails to state the grounds for objection).

2. Rule 35(b) provides that "[t]he court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense ... The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence."

3. The July 11, 1989 agreement provided:
   1. With regard to the above-captioned case:
      (a) Defendant will enter a voluntary plea of guilty to Count Twelve of the Superseding Indictment....
          \* \* \* \* \* \*
      (c) The appropriate disposition of this case is a sentence in which the sentence to be imposed in this case runs concurrent with defendant's sentence in the Southern District of Florida....
          \* \* \* \* \* \*
      (e) At the time of sentencing in the Middle District of Florida, the government ... will file a motion which will list reasons why the Court may impose a sentence outside the range established by the applicable guidelines.
      (f) If subsequent to his entry of a plea of guilty ... the defendant cooperates truthfully, fully and completely with the government, the government shall bring the nature, extent and timing of his cooperation to the attention of the sentencing court....
      (g) If the court in the Southern District of Florida reduces the defendant's sentence pursuant to Fed.R.Crim.P. 35 to a sentence of less than that imposed in the present case, the United States agrees to recommend that the court in this district reduce the defendant's sentence to no more than that imposed in the Southern District of Florida.
   2. It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement ... If the Court rejects the provisions of the agreement contained in Paragraph 1, (a)–(g), the Court will afford the defendant an opportunity to withdraw his plea of guilty prior to sentencing.

Middle District reduce Zickert's sentence to match any reduction of his sentence in the Southern District pursuant to Rule 35 that falls below his sentence in the Middle District. The plea agreement also stipulated that, while the court was not bound by the agreement, Zickert would be given the opportunity to withdraw his guilty plea if the court rejected the above provisions.

The district court accepted Zickert's guilty plea at a rearraignment hearing on July 11, 1989. The following dialogue took place at that hearing:

THE COURT: You know there have been discussions between the U.S. Attorneys and attorney for the government [sic] that have resulted in plea agreements in these cases. The plea agreement appears in the Court file. I hand it to you and ask you to examine it and to tell me whether this is the agreement into which you have entered with the government ... [Is that the agreement into which you have entered], Mr. Zickert?

DEFENDANT ZICKERT: Yes, Your Honor.

THE COURT: Mr. Zickert, do you understand that those portions of the plea agreement referred to as recommendations which may be made by the United States attorney to the Court under certain conditions are strictly and purely that, recommendations. That this Court does not commit itself to follow those recommendations or agree to be bound by them in any way. You understand that?

DEFENDANT ZICKERT: Yes, Your Honor.

The district court then accepted Zickert's guilty plea. The court never told Zickert that he would not be permitted to withdraw his plea if the government's recommendations were not followed.

The district court accepted the plea agreement at Zickert's sentencing hearing on March 22, 1990. The court noted that the government's list of reasons for departing from the Sentencing Guidelines provided a sufficient factual basis for a downward departure of four levels. Based upon the revised offense level, the court imposed a sentence of fifteen years and nine months to be served concurrently with the five year sentence from the Southern District of Florida. It refused to reduce the sentence to match the reduction allowed under Rule 35 in the Southern District.

Dissatisfied with the longer sentence pronounced by the Middle District of Florida, Zickert filed (1) a motion for rehearing; (2) a motion to withdraw guilty plea; and (3) a petition to vacate, set aside or correct sentence pursuant to the provisions of 28 U.S.C. § 2255. The district court denied without a hearing Zickert's motions to withdraw and to vacate the sentence. The court did not decide the merits of the § 2255 petition. Instead, it ordered Zickert to pay a five dollar filing fee if he wished to prosecute the § 2255 petition. This appeal followed.

## II.

■ The parties agree the district court erred when it failed to inform Zickert, in keeping with Rule 11(e)(2),[4] that he would have no right to withdraw his guilty plea if the court failed to impose the sentence recommended in the agreement. They differ as to whether this error is of sufficient magnitude to require the court to provide Zickert an opportunity to withdraw his guilty plea. We review the district court's procedural noncompliance with Rule 11 under a harmless error standard. *Lilly v. United States*, 792 F.2d 1541, 1544 n. 6 (11th Cir.1986).

Rule 11(h) defines harmless error as any departure from the formal requirements of the rule that does not affect substantial rights of the defendant. Put another way, Zickert is entitled to replead only if the district court's variance from the formal

---

4. Rule 11(e)(2) states that "if the agreement [requires the government to make a recommendation for a particular sentence] ... the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea."

requirements of Rule 11 impinged upon the very rights they were designed to protect.

There are three primary objectives of Rule 11. *Lilly,* 792 F.2d at 1545 (citing *United States v. Corbett,* 742 F.2d 173 (5th Cir.1984)). First, a guilty plea must be free from coercion. Second, the accused must understand the nature of the charges against him. Finally, the defendant must be aware of the direct consequences of his guilty plea. Zickert's substantial rights are violated if any of these core concerns are not satisfied.

The record before us clearly indicates that the first and second purposes of Rule 11 were fulfilled in this case. Zickert freely entered his plea after being advised of his rights by the district court and he understood the nature of the charges against him. However, we cannot conclude that Zickert knew the direct consequences of his plea. Paragraph 1(g) of the agreement required the government to recommend a particular sentence—i.e., the reduced sentence imposed in the Southern District of Florida—in exchange for Zickert's guilty plea and cooperation. This type of agreement is authorized by Rule 11(e)(1)(B).[5] Rule 11(e)(2) states that the court "shall advise the defendant that if [it] does not accept the recommendation [entered pursuant to Rule 11(e)(1)(B) ] ... the defendant nevertheless has no right to withdraw the plea." The district court violated Rule 11(e)(2) in this case when it failed to call Zickert's attention to this fact. We consider only the effect that this failure to advise had upon Zickert's right to know the consequences of his plea. In making this evaluation we consult the advisory committee notes to Rule 11 for guidance. Those notes caution that the circumstances for excusing noncompliance with the Rule because of harmless error are fairly limited, and that Rule 11(h) should not be read as nullifying the Rule's safeguards or as inviting courts to take a more casual approach to proceedings under the Rule.

The plea agreement signed by Zickert and the government specifically states: "If the Court rejects the provisions of the agreement ... [it] will afford the defendant an opportunity to withdraw his plea of guilty prior to sentencing." That sentence could be read to mean that the court would have to reject the *whole* agreement before having to advise Zickert that he could not withdraw his plea. However, the sentence refers to the court's rejection of the *provisions* of the agreement. We adopt this interpretation as being both the most logical construction and the one most compatible with the spirit of Rule 11(e)(2).

Based upon the explicit direction contained in Rule 11(e)(2) and the plea agreement itself in this case, we find that Zickert did not know at least one of the direct consequences of his guilty plea. Zickert could reasonably have expected that he would have the right to withdraw his plea if the district court decided not to impose the government's recommended sentence. The failure by the district court to advise Zickert otherwise meant that he entered his plea lacking this crucial bit of information. He did not know that he would *not* be able to withdraw his plea, even though he had been promised that he could by the government.

Zickert had the right to know all of the direct consequences of his plea, including its permanence. We conclude that the district court's deviation from Rule 11(e)(2)'s formal requirements deprived him of this knowledge, thereby affecting his substantial rights under Rule 11. We therefore hold that the district court's noncompliance with the precise mandate of Rule 11 is not harmless error in this case.

### III.

The government maintains that the district court's error is harmless under the totality of circumstances because the court specifically told Zickert that it would not be bound by the agreement. We do not agree. As we stated earlier, the plea agreement

---

**5.** Under Rule 11(e)(1)(B), the government can agree that it will "make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court."

itself provided that Zickert could withdraw his plea of guilty. Before accepting Zickert's guilty plea, the district court handed the agreement containing the statement to Zickert. It asked him if that agreement was the one he had signed with the government. The court's admonition that it was not bound by the agreement does not necessarily mean that it would refuse to give Zickert a chance to withdraw his plea if the government's recommendations were not followed. The two propositions are not interdependent. The district court could have avoided any possible confusion on Zickert's part by complying with Rule 11(e)(2).

The government also argues that the district court's omission is harmless error because Zickert never indicated to the court prior to sentencing that he believed that he could withdraw his plea. The government relies upon *United States v. Thibodeaux*, 811 F.2d 847 (5th Cir.), *cert. denied, Thibodeaux v. United States*, 483 U.S. 1008, 107 S.Ct. 3236, 97 L.Ed.2d 741 (1987). *Thibodeaux* is distinguishable from this case. In *Thibodeaux*, the court relied upon the record to determine that the defendant made no attempt at arraignment to indicate that he believed he would be able to withdraw his plea. However, the plea agreement in that case did not include the specific provision concerning withdrawal of the plea as did the present agreement. As previously stated, we find that the record before us provides a "realistic likelihood that [Zickert] labored under the misapprehension that his plea could be withdrawn" if the recommended sentence was not imposed. *Thibodeaux*, 811 F.2d at 848 (quoting *United States v. de la Puente*, 755 F.2d 313, 315 (3rd Cir.), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985)).

## IV.

Zickert contended on brief that the district court rejected the plea agreement when it did not impose the government's recommended sentence. If his argument were correct, then the district court would have been required to give him the opportunity to withdraw his plea under Rule 11(e)(4).

Zickert misreads Rule 11. Under Rule 11(e)(1)(B), the court does not reject the plea agreement by simply refusing to acquiesce in the government's recommended sentence. *Lilly v. United States*, 792 F.2d 1541, 1545 (11th Cir.1986). The district court here accepted the agreement, and followed the government's recommendation that Zickert's offense level should be reduced by four levels. It also permitted the sentence to run concurrently with the one from the Southern District of Florida. The only provision, albeit perhaps the most important to Zickert, that the district court did not accept was the recommendation contained in paragraph 1(g) of the agreement. Otherwise, the agreement stood intact.

Zickert also petitioned the district court for relief under 28 U.S.C. § 2255 alleging that the government breached the plea agreement. The district court never reached the merits of this petition and consequently did not issue a final order based thereon, but merely instructed Zickert to deposit a filing fee with the court if he desired to pursue the § 2255 petition. Therefore, we do not have jurisdiction to consider the petition on appeal. 28 U.S.C. § 2255.

For the foregoing reasons, we VACATE Zickert's sentence, REVERSE the denial of his motion to withdraw his plea, and REMAND for further proceedings consistent with this opinion.