56 F.3d 63
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Conrad WURTH, a/k/a Little Mike, a/k/a Gary Braxton
Fisher, Defendant-Appellant.
 No. 94-5345.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 5, 1995.
Decided: May 31, 1995.
 
 ARGUED: Lance Armstrong, Miami, Florida, for Appellant. Laura Marie Everhart, Assistant United States Attorney, Norfolk, VA, for Appellee.
 ON BRIEF: Helen F. Fahey, United States Attorney, Norfolk, VA, for Appellee.
 Before WILKINSON and HAMILTON, Circuit Judges, and HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Rule 11(h) of the Federal Rules of Criminal Procedure allows appellate courts to disregard violations of Rule 11 that do not affect substantial rights. The issue in this appeal is whether the Rule 11(c)(3) and (c)(4) errors committed by the district court during its plea colloquy with the appellant, Michael Conrad Wurth, affected his substantial rights. Because we conclude the Rule 11(c)(3) and (c)(4) violations affected Wurth's substantial rights, the judgment of the district court is vacated, and the case is remanded to give Wurth an opportunity to enter a new plea.
 
 
 2
 * In February 1985, a federal grand jury sitting in the Eastern District of Virginia returned a seventeen-count indictment (Indictment One) charging Wurth and numerous others with various offenses arising from a drug conspiracy. Wurth was charged with conspiracy to possess with intent to distribute and to distribute marijuana from November 1979 to July 1982, see 21 U.S.C. Secs. 841(a)(1) and 846, filing a false tax return, see 26 U.S.C. Sec. 7206(1), and six substantive drug offenses.
 
 
 3
 In November 1985, a federal grand jury sitting in the Eastern District of Virginia returned another indictment (Indictment Two) charging Wurth and Douglas Norris with conspiracy to possess with intent to distribute and to distribute marijuana from October 1978 to June 1983, see 21 U.S.C. Secs. 841(a)(1) and 846, possession with intent to distribute marijuana, see 21 U.S.C. Sec. 841(a)(1), and interstate travel in furtherance of an unlawful activity, see 18 U.S.C. Sec. 1952.
 
 
 4
 In 1985, Wurth left the United States and lived in Europe until January 1994, when he voluntarily returned and surrendered to answer the charges contained in the two indictments. Thereafter, Wurth entered into a plea agreement with the government, the pertinent terms of which provided that he would plead guilty to the conspiracy and false income tax filing counts contained in Indictment One and the conspiracy count contained in Indictment Two.
 
 
 5
 On February 4, 1994, the district court conducted a Rule 11 hearing. During this hearing, the district court summarized the nature of the charges and the details of the plea agreement. Although Rule 11(c)(3) and (c)(4) requires a district court to inform a defendant of certain constitutional rights and, that by pleading guilty, the defendant waives a right to a trial by jury, the district court did not inform Wurth of these rights. At the conclusion of the hearing, the district court accepted Wurth's guilty pleas and found him guilty of the three counts to which he pleaded guilty.
 
 
 6
 On April 19, 1994, the district court sentenced Wurth to a term of imprisonment of thirteen years. Wurth now appeals.
 
 II
 
 7
 Wurth argues that the district court violated Rule 11(c)(3) and (c)(4) because the district court, during the plea colloquy, did not inform him of the constitutional rights delineated in Rule 11(c)(3) and, that by pleading guilty, he was waiving his right to a jury trial, see Rule 11(c)(4). Under Rule 11(c)(3) and (c)(4), a district court, when accepting a defendant's plea of guilty or nolo contendere, must inform the defendant of certain constitutional rights and that by pleading guilty he or she waives the right to a trial by jury. The Rule provides in part:
 
 
 8
 (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
 
 
 9
 (3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; and
 
 
 10
 (4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial.
 
 
 11
 As noted earlier, the district court did not inform Wurth of the constitutional rights delineated in Rule 11(c)(3) and, that by pleading guilty, he was waiving his right to a jury trial as required by Rule 11(c)(4). Accordingly, as the government concedes, the district court violated the dictates of Rule 11(c)(3) and (c)(4) when it failed to inform Wurth of these rights.
 
 
 12
 The government argues that the district court's Rule 11(c)(3) and (c)(4) errors were harmless under Rule 11(h). More specifically, the government argues that the district court's Rule 11(c)(3) and (c)(4) errors did not affect Wurth's substantial rights because: (1) Wurth was informed of his right to remain silent and his right to counsel at his initial appearance; (2) he demanded a jury trial at his initial appearance; and (3) he was represented by counsel at his initial appearance and his plea hearing.
 
 Rule 11(h) provides:
 
 13
 (h) Harmless Error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.[1] The Notes of the Advisory Committee to the 1983 Amendment caution that "subdivision (h) should not be read as supporting extreme or speculative harmless error claims or, as, in effect, nullifying important Rule 11 safeguards." Indeed, the Notes of the Advisory Committee to the 1983 Amendment emphasize that "the kinds of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited." The examples of harmless error provided by the Notes of the Advisory Committee to the 1983 Amendment illustrate the narrow rubric of harmless error envisioned: where the judge's compliance with subdivision (c)(1) was not absolutely complete, in that some essential element of the crime was not mentioned, but the defendant's responses clearly indicate his awareness of that element ...; where the judge's compliance with subdivision (c)(2) was erroneous in part in that the judge understated the maximum penalty somewhat, but the penalty actually imposed did not exceed that indicated in the warnings ...; and where the judge completely failed to comply with subdivision (c)(5), which of course has no bearing on the validity of the plea itself.
 
 
 14
 Decisional law recognizes that appellate courts will disregard minor or technical violations of Rule 11, that is those errors that do not impinge upon the rights Rule 11 was designed to protect. See, e.g., United States v. Zickert, 955 F.2d 665, 668 (11th Cir.1992). Rule 11 is designed to protect against a coerced plea and ensure that the defendant understands the nature of the charges against him and the consequences of his plea. Id.; see also United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir.1991).
 
 
 15
 In this case, the record indicates that Wurth's plea was not coerced and that he understood the nature of the charges against him through the district court's explanation of the charges. We cannot conclude, however, that Wurth understood the consequences of his plea because the district court never inquired whether Wurth understood the constitutional rights summarized in Rule 11(c)(3) and that his plea of guilty resulted in a waiver of a jury trial as required by Rule 11(c)(4). This failure strikes directly at the heart of what Rule 11 was designed to prevent--the unknowing and unintelligent waiver of constitutional rights. See McCarthy, 394 U.S. at 467 (Rule 11 is designed to ensure that a defendant who pleads guilty does so with an "understanding of the nature of the charge and the consequences of his plea."). This core concern of Rule 11 would be eviscerated if we accepted the government's argument that the error was harmless because Wurth was informed of certain rights at his initial appearance and was represented by counsel at his initial appearance and plea hearing. Rule 11 was not designed to ensure that a defendant is aware of the rights delineated in Rule 11(c)(3) and (c)(4) through his attorney or by the court at an initial appearance, but rather was "designed to ensure that the defendant is aware of those rights at the time he pleads guilty." United States v. Gastelum, 16 F.3d 996, 999 (9th Cir.1994). In instances qualitatively akin to the case at bar, courts have not hesitated to conclude that the Rule 11 error affected the defendant's substantial rights. See, e.g., id. at 999-1000 (The district court's failure to inform the defendant of certain constitutional rights as required by Rule 11(c)(3) at the time defendant pleaded guilty was not harmless error despite the fact that district court informed the defendant of those rights after the court accepted the defendant's plea.); Zickert, 955 F.2d at 668-69 (The district court's failure to inform the defendant that he had no right to withdraw his plea if the court failed to impose the sentence recommended in the plea agreement in violation of Rule 11(e)(2) was not harmless error.); United States v. Shacklett, 921 F.2d 580, 583 (5th Cir.1991) (The district court's failure to inquire whether defendant understood charges in violation of Rule 11(c)(1) was not harmless error under Rule 11(h) despite the fact defendant received a copy of the information and acknowledged that he had ample time to discuss it with his attorney.). In short, we cannot conclude that the district court's Rule 11(c)(3) and (c)(4) errors were harmless. Therefore, we must vacate Wurth's guilty plea and remand the case to the district court to give him an opportunity to enter a new plea. See McCarthy, 394 U.S. at 468-72.[2]
 
 VACATED AND REMANDED
 
 
 [1]
 In enacting the 1983 Amendments to Rule 11, Congress instructed courts to evaluate Rule 11 errors under a harmless error standard. This direction overruled the Supreme Court's decision in McCarthy v. United States, 394 U.S. 459 (1969), which established a per se reversal standard for violations of Rule 11
 
 
 [2]
 In light of our disposition, we need not address whether the government's admitted breach of the plea agreement (recommending to the district court that Wurth receive the maximum sentence on each count despite the fact the government agreed in the plea agreement to make no recommendation as to sentence) warrants resentencing