[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13194
Non-Argument Calendar
_____

D. C. Docket No. 04-00024-CR-BAE-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESTER LESHON CORLEY,
a.k.a. Flaw,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 24, 2006)

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Lester Leshon Corley appeals his conviction and 151-month sentence for

distributing 22.4 grams of cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(B).

A written plea agreement provided that the government would recommend a sentence at the low end of the applicable sentencing guideline range but the government's recommendations were not binding on the court. At the change-of-plea hearing, the court advised Corley, and Corley stated that he understood, that the court was not bound by the government's recommendation, and Corley may not withdraw his plea, even if the court did not accept any of the parties' recommendations. Corley acknowledged that he had read and signed the plea agreement, and, after it was summarized in open court, acknowledged that it was consistent with his understanding. Later in the same hearing, the court advised Corley: "Now, the plea agreement is not binding upon the [c]ourt. But if the [c]ourt rejects, you, too, may withdraw from and reject it and go to trial," and Corley stated that he understood. At sentencing, Corley was sentenced to 151 months' imprisonment, which was the high end of the guidelines range, despite the government's recommendation that he be sentenced at the low end.

On appeal, Corley argues that, because: (1) the district court informed him, at the plea colloquy, that, if it rejected the plea agreement, he would be permitted to withdraw his plea, and (2) the district court essentially rejected the plea

agreement when it refused to honor the government's recommendation that it sentence him at the low end of the guidelines range, he should be permitted to withdraw his plea. He argues that a sentence at the low end of the guidelines was "an integral part of his deal," and that he understood that his plea could be withdrawn if this essential part of the agreement was not followed, analogizing the instant appeal to Zickert v. United States, 955 F.2d 665 (11th Cir. 1992).

Where, as here, a defendant fails to file a motion to withdraw his plea in the district court, we review challenges to his plea only for plain error. United States v. Monroe, 353 F.3d 1346, 1349 n.2 (11th Cir. 2003). "Under plain-error review, the defendant has the burden to show that there is (1) error (2) that is plain and (3) that affect[s] substantial rights," and, "[i]f all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 1349 (internal quotations and citations omitted).

Federal Rule of Criminal Procedure 11(c) contemplates several types of plea agreements and provides that a plea agreement:

> may specify that an attorney for the government will: (A) not bring, or will move to dismiss, other charges; (B) recommend . . . that a particular sentence or sentencing range is appropriate . . . (such a recommendation or request does not bind the court); or (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . (such a recommendation or request binds the court

3

once the court accepts the plea agreement).

Fed.R.Crim.P. 11(c)(1)(A), (B), (C). In addition, "[t]o the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request." Fed.R.Crim.P. 11(c)(3)(B). Moreover, "[i]f the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must . . . give the defendant an opportunity to withdraw the plea." Fed.R.Crim.P. 11(c)(5)(B).

In Zickert, the plea agreement specified that the defendant could withdraw his guilty plea if the court rejected the government's recommendations, and the district court failed to inform the defendant that, in fact, he would not be permitted to withdraw his plea if it did not follow the government's recommendations. Id. at 667. On appeal from the denial of Zickert's motion to withdraw his plea, we held that the district court's omission was reversible error, reasoning that "Zickert could reasonably have expected that he would have the right to withdraw his plea if the district court decided not to impose the government's recommended sentence." Id. at 668.

However, in this case the plea agreement provided that the government's recommended sentence at the low end of the guideline range was not binding on

4

the court, and that Corley could not withdraw the plea if the district court declined to follow the government's recommendation. Moreover, at the change of plea hearing the district court expressly advised Corley to this effect.[1] Corley could not reasonably have believed otherwise, the court was not required to give him an opportunity to withdraw his plea when it declined to accept the recommendation and did not err by sentencing Corley. Accordingly, his conviction and sentence is affirmed.

**AFFIRMED.**

---

[1] This was not inconsistent with the fact that the district court, later in the change of plea hearing, advised Corley that he could withdraw the plea if the court rejected the plea agreement. Failure to accept the government's low end sentence recommendation did not constitute rejection of the plea agreement itself. Zickert, 955 F.2d at 669. And that should have been clear to Corley, and his plea at sentencing confirms his understanding.