UNITED STATES of America, Appellee,

v.

Sam T. IAQUINTA, Appellant.

UNITED STATES of America, Appellee,

v.

Velma E. SHINE, Appellant.

Nos. 83–5008(L), 83–5010 and 83–5009.

United States Court of Appeals, Fourth Circuit.

Argued May 11, 1983.

Decided Oct. 6, 1983.

---

David J. Romano, Clarksburg, W.Va. (Young, Morgan, Cann & Romano, Clarksburg, W.Va., on brief), for appellants.

William A. Kolibash, U.S. Atty., Wheeling, W.Va. (Henry Brann Altmeyer, Legal Intern, on brief), for appellee.

Before SPROUSE and ERVIN, Circuit Judges, and WYZANSKI, District Judge.[*]

ERVIN, Circuit Judge:

These are appeals by Sam T. Iaquinta and Velma E. Shine from the United States District Court for the Northern District of West Virginia wherein they were sentenced to terms of imprisonment of 15 years and 10 years, respectively, upon their pleas of guilty of drug-related offenses. Because we find that the district court failed to comply with Fed.R.Crim.P. 11(e)(2), we reverse the convictions and remand with instructions that the defendants be given an opportunity to plead anew.

I.

In December, 1980, Iaquinta and Shine were jointly indicted in a three-count indictment. Count 1 charged Shine with the distribution of ½ ounce of cocaine. Count 2 charged Iaquinta with use of a communication facility in the distribution of a controlled substance. Count 3 charged both Shine and Iaquinta with aiding and abetting and distribution of seven ounces of cocaine. Iaquinta was later charged for possession of a firearm.[1]

The case was set for trial on May 10, 1982. On that day, Shine and Iaquinta, pursuant to oral[2] plea bargain agreements, changed their original pleas of not guilty and during a Fed.R.Crim.P. 11 plea hearing, entered guilty pleas. Under the agreements, the U.S. Attorney agreed to recommend a period of incarceration of no more than 10 years[3] for Iaquinta and to "go along with the recommendation of probation" for Shine should her probation report be favorable.

The district court explained to both Iaquinta and Shine that while it would consider the recommendations as to sentencing, it had the ultimate responsibility for sentencing and would reject any recommendation that it did not consider proper. The district court did not, however, inform the defendants that if it did not accept the sentencing recommendations, they had no right to withdraw their pleas.

The district court accepted both guilty pleas and the sentencing hearing eventually was held on December 15. Iaquinta was sentenced to 15 years imprisonment with a mandatory 3 year special parole term and fined $15,000. Shine was sentenced to 10 years imprisonment with

---

[*] Honorable Charles Edward Wyzanski, Jr., Senior United States District Judge for the District of Massachusetts, sitting by designation.

1. Initially, the district court dismissed the indictments, but that dismissal was reversed by this court and the indictments reinstated. *United States v. Iaquinta,* 674 F.2d 260 (4th Cir.1982).

2. Considerable confusion has arisen in this case because of the absence of written plea agreements, especially in attempting to interpret the U.S. Attorney's ambiguous description of the oral agreements at the Rule 11 hearing. We recommend that plea agreements be written and their terms be clear. If so prepared, both the defendant and the government will benefit from the avoidance of needless misunderstanding and litigation.

3. The U.S. Attorney also "reserved the right" to recommend a lesser sentence if Iaquinta assisted in an investigation of a drug operation in Florida. While the record reveals that Iaquinta talked with government investigators, whether he provided any useful information is not indicated. If on remand Iaquinta chooses once again to plead guilty, the U.S. Attorney should inform the district court of Iaquinta's cooperation, if any, and the effect of that cooperation on the sentencing recommendation.

the 3 year special parole term and fined $5,000.[4]

## II.

■ Iaquinta and Shine's primary argument on appeal is that the district court committed reversible error by not informing them, as required by Fed.R.Crim.P. 11(e)(2), that its refusal to accept the sentence recommendations of the U.S. Attorney would not be cause for them to withdraw their guilty pleas. We agree.

The plea agreements here are of the type specified in Fed.R.Crim.P. 11(e)(1)(B); the U.S. Attorney simply agreed to make sentencing recommendations with the understanding that such recommendations were not binding on the district court. Thus, upon the district court's imposition of a sentence different from that recommended pursuant to the type (B) agreement, it need not have offered the defendants an opportunity to withdraw their pleas.

To ensure that defendants fully understand the consequences of a type (B) agreement, Rule 11(e)(2) was amended, effective August 1, 1979 to provide that when the plea agreement is type (B), "the court *shall* advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea." *See* Advisory Committee Note to Fed.R.Crim.P. 11(e)(2) (emphasis added).

■ While the district court need not recite verbatim the advice required by Rule 11(e)(2), it must substantially inform the defendant of and determine that the defendant understands the admonition contained therein. The district court here merely informed Iaquinta and Shine that it was not bound by any recommendations, and we decline to hold that such an instruction substantially informs a defendant that he or she has no right to withdraw his or her plea if the district court does not accept the sentencing recommendation. Furthermore, the district court never attempted to ascertain whether the defendants understood that they were without that right.

Confronted with a nearly identical fact situation, the Eighth Circuit in *United States v. Missouri Valley Const. Co.,* 704 F.2d 1026 (8th Cir.1983), recently set aside a guilty plea and allowed the defendant to plead anew. In that case, as here,

the district court went only half way in meeting the notice requirements of rule 11(e)(2). Although the court informed the defendant that the court was not required to accept the recommendation contained in the plea agreement, it failed to go further and to advise the defendant that if the court did not accept the recommendation, the defendant would have no right to withdraw the plea. Rule 11(e)(2) clearly, precisely, and unequivocally requires that "the court *shall* advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea" (emphasis added). The district court did not comply with this mandate.

*Id.* at 1030. We likewise find that the district court below failed to discharge its obligation under Rule 11(e)(2).

## III.

■ For the foregoing reasons,[5] we reverse the convictions and remand[6] with in-

---

**4.** The maximum sentence for the offenses pled guilty to are 15 years imprisonment and a fine of $25,000. The offenses also carry a mandatory special parole term of 3 years. In informing the defendants of the maximum sentence, the district court did not comply with the requirements set forth in *Moore v. United States,* 592 F.2d 753 (4th Cir.1979), for explaining a special parole term. In Shine's case, the error is harmless because the total of her active sentence (10 years) and the special parole term (3 years) is less than the maximum of which she was advised (15 years). *See Bell v. United States,* 521 F.2d 713 (4th Cir.1975). The error was not harmless regarding Iaquinta since his combined sentence of 18 years (15 years imprisonment plus 3 years special parole) exceeds the 15 year maximum explained to and understood by him. Assuming no other errors, the case against Iaquinta would be remanded "to the district court with directions, in its discretion, to reduce the prison sentence to 12 years or to set aside the plea and allow [Iaquinta] to plead again." *Moore,* 592 F.2d at 756.

**5.** Because of our disposition of this appeal, we do not reach defendants' argument that they were denied the effective assistance of counsel

**6.** See note 6 on page 86.

structions that defendants be given an opportunity to plead anew.

REVERSED AND REMANDED

at their sentencing hearing. We simply note that defendants were entitled to the effective assistance of counsel at sentencing and that any waiver of that right must be judged by federal waiver standards. *See United States v. Burkley,* 511 F.2d 47, 51 (4th Cir.1975).

6. For facts and matters we need not explore, we believe that this remand presents one of those rare situations where a substitution of judges is appropriate. We therefore suggest that the new pleas be taken before a different district judge. *See United States v. Burkley,* 511 F.2d 47, 51 (4th Cir.1975).