900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Amador Alexis BRAND-MAIGUEL, Defendant-Appellant.
 No. 89-5080.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 6, 1989.
Decided: March 29, 1990.
Rehearing and Rehearing In Banc Denied May 16, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, Chief District Judge. (CR-88-35).
 James L. Nelson, Jana Lucas, Wilmington, N.C., for appellant.
 Geoffrey Brigham, United States Department of Justice, Washington, D.C.; Margaret Person Currin, United States Attorney, Christine W. Dean, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Amador Alexis Brand-Miguel pled guilty to one count of possession with intent to distribute cocaine and distribution of approximately five kilograms of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1). The district court sentenced him to 151 months imprisonment and a supervised release term of five years. On appeal, Brand-Miguel contends that the district court failed to comply with Fed.R.Crim.P. 11(c) and incorrectly applied the federal sentencing guidelines.
 
 
 2
 Based on our careful review of the record, we affirm the judgment of the district court.
 
 I.
 
 3
 At his arraignment on October 27, 1988, Brand-Miguel pled not guilty to several charges arising from his involvement in a drug conspiracy. On the morning of December 12, 1988, Brand-Miguel was in court awaiting trial. In Brand-Miguel's presence, the trial judge conducted a hearing pursuant to Fed.R.Crim.P. 11(c) for five other persons who were defendants in other cases. Rule 11(c) requires a district court, prior to accepting a plea of guilty, to "address the defendant personally in open court and inform him of, and determine that he understands," the nature of the charges against him, the minimum and maximum penalties, and a number of constitutional rights, including the right to a jury trial, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination. The district court addressed the five defendants in full conformity with Rule 11(c). Although Brand-Miguel was not among the five defendants that the district court directly addressed, he was, in his own words, "a spectator awaiting trial" while this en masse proceeding took place.
 
 
 4
 Brand-Miguel's trial commenced following the group address. After jury selection, opening statements, and direct examination of the government's first witness, the government and Brand-Miguel reached a plea agreement. In exchange for dismissal of three other counts against him, Brand-Miguel pled guilty to possession with intent to distribute and distribution of five kilograms of cocaine. 21 U.S.C. Secs. 841(a)(1) and (b)(1).
 
 
 5
 The district court immediately conducted a Rule 11 hearing. In response to the court's questions, Brand-Miguel said that he had thoroughly discussed the case with his attorney, with whom he was completely satisfied. He then acknowledged that he was in the "courtroom earlier [that day] when [the district court] advised all of the defendants who were proposing to plead guilty of certain rights that they had under the Constitution of the United States." He further agreed that he heard the court tell the other defendants "that they had a right to trial by jury and things of that nature." He said he had no questions about those rights, and that, knowing that he must waive those rights before being allowed to plead guilty, he was absolutely sure that he wanted to waive them. After reviewing in detail with Brand-Miguel both the charge to which he was pleading guilty and the possible penalties that could attach, the court accepted his "free[ ] and voluntar[y]" guilty plea and entered a judgment of guilty against him.
 
 II.
 
 6
 Brand-Miguel contends that the district court's plea agreement hearing failed to comply with the requirements of Rule 11(c). He maintains that the reference to admonitions given to other defendants at a separate hearing prior to his trial did not satisfy Rule 11(c)'s requirement that "the court address the defendant personally in open court and inform him of, and determine that he understands," the specifically enumerated points. He further argues that the district court failed to inform him of "the effect [on his possible maximum penalty] of any ... term of supervised release" in accordance with Rule 11(c)(1).
 
 
 7
 The government concedes that the district court's failure to inform Brand-Miguel personally in strict accordance with Rule 11(c) constituted a technical violation of the Rule. Nonetheless, the government maintains that any error was harmless under Fed.R.Crim.P. 11(h).
 
 
 8
 Fed.R.Crim.P. 11(h) states that "[a]ny variance from the procedures required by [Rule 11] which does not affect substantial rights shall be disregarded." The purpose of Rule 11(h) is to "make clear that the harmless error rule of Rule 52(a) is applicable to Rule 11." Fed.R.Crim P. 11(h), 1983 advisory committee note. A hearing under Rule 11 is not mandated by the constitution, but rather is designed "to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." McCarthy v. United States, 394 U.S. 459, 465 (1969). Thus, in determining whether a variance from Rule 11 "affect[s] substantial rights" of Brand-Miguel, we must examine the totality of the circumstances surrounding the plea hearing, see United States v. Ray, 828 F.2d 399, 414 (7th Cir.1987), to determine whether Brand-Miguel's guilty plea was in fact voluntary. See United States v. Stead, 746 F.2d 355, 357 (6th Cir.1984).
 
 
 9
 The district court addressed Brand-Miguel "personally" at the Rule 11 hearing and questioned him in detail to determine that the waiver of his rights and the guilty plea were voluntary. The court determined that Brand-Miguel had discussed his indictment with his lawyer, fully understood the charges against him as well as the maximum criminal penalties, and wanted to waive the constitutional rights articulated earlier that morning, including the right to jury trial. After questioning Brand-Miguel extensively, the court concluded that the guilty plea was "freely and voluntarily entered." It is clear that the district court substantially complied with Rule 11(c) and that Brand-Miguel voluntarily entered into his plea.
 
 
 10
 This conclusion is bolstered by the fact that Brand-Miguel was not prejudiced by the district court's failure to rearticulate to him directly the constitutional rights listed in Rule 11(c). Brand-Miguel does not allege that he misunderstood any of the constitutional rights listed in Rule 11, or that he would not have pled guilty had he been told about them again at the Rule 11 hearing. Because "the failure to comply with Rule 11 is not fatal if that failure was not likely to have been a material factor affecting the [defendant's] decision to plead guilty," United States v. Reyes-Ruiz, 868 F.2d 698, 703 (5th Cir.1989), the district court's Rule 11 error was a harmless one.*
 
 III.
 
 11
 Appellant also challenges the district court's application of the sentencing guidelines. The district court determined under the guidelines that the appellant's base offense level was 30. 18 U.S.C.App. Sec. 2D1.1(a)(3). Appellant appears to concede that this determination was correct, but he argues that the court erred by (1) denying him a reduction for minor and minimal criminal participants, id. at Sec. 3B1.2, (2) denying him a two-level decrease for acceptance of responsibility, id. at Sec. 3E1.1, (3) allowing a two-level increase for obstruction of justice, id. at Sec. 3C1.1, and (4) sentencing him to 151 months, which was at the upper range for a level 32 offense.
 
 
 12
 Appellant's contentions--which the district court considered in detail at the sentencing hearing--lack merit. Each of the district court's rulings under the guidelines was well within its discretion and its fact-finding responsibilities. We see no reason to disturb either its exercise of discretion or its findings on appeal.
 
 IV.
 
 13
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 For similar reasons, we reject Brand-Miguel's argument concerning the district court's failure to inform him about the effects of his supervised release term. The district court told Brand-Miguel that he could receive up to 40 years imprisonment without the possibility of parole or probation. Brand-Miguel actually received 151 months imprisonment and five years of supervised release--a sentence significantly less than the maximum of which he had been advised. Because the district court's omission concerning Brand-Miguel's supervised release term could not have affected his understanding about the maximum penalty he could have received, any error was plainly harmless. United States v. Iaquinta, 719 F.2d 83, 85 n. 4 (4th Cir.1983)