21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marion Denise DAVIS, Defendant-Appellant.
 No. 93-5305.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 13, 1994.
Decided April 15, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-92-282-G)
 Susan Hayes, Pfaff, Elmore & Hayes, Greensboro, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., Harry L. Hobgood, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Marion Denise Davis pled guilty to possessing with the intent to distribute approximately 389.5 grams of a cocaine base in violation of 21 U.S.C. Sec. 841 (1988). On appeal, Davis's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting four issues but stating that, in her view, there are no meritorious issues for appeal. Davis has been notified of her right to file a supplemental brief but has not filed any brief. After a thorough review of the parties' briefs and the record, we affirm.
 
 I.
 
 2
 At Davis's plea hearing, the district court inquired into whether she had read the plea agreement. After Davis stated that she had read the plea agreement and that she understood it, the court proceeded with the Rule 11 colloquy. The court informed her of the nature of the charges to which the plea was offered, the statutory maximum and minimum penalties, that the court was required to consider applicable sentencing guidelines, that she had a right to plead not guilty, that she had the right to a jury trial, and that pleading guilty would waive the right to a trial. Accordingly, the district court held that the plea was informed, voluntary, and with effective assistance of counsel. However, the court failed to inform Davis that any testimony by her regarding the offense could be used later in perjury or false statement prosecution, that it had some authority to depart from the sentencing guidelines, and about the effect of supervised release. After Davis agreed with the government's evidence in the case, the court found that there was a factual basis for the plea and found her guilty.
 
 
 3
 Based on a total offense level of thirty-one and a criminal history category of I, the court sentenced Davis to 120 months of incarceration[1] and five years of supervised release, and ordered her to pay a special assessment of $50.
 
 
 4
 Davis's attorney has filed an Anders[2] brief in which she notes (1) that the district court erred by failing to inform Davis that any testimony by her regarding the offense could be used later in perjury or false statement prosecution, (2) that the district court did not inform Davis of the effect of supervised release, (3) that the district court did not inform Davis that it could depart from the sentencing guidelines, and (4) that the district court did not require formal disclosure of the plea agreement on the record.
 
 II.
 
 5
 Although the district court erred by not following the procedures required by Fed.R.Crim.P. 11, this Court "accord[s] deference to the trial court's decision as to how to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). In addition, on the facts in this case, we find that any error, if error, was harmless. Id. at 117.
 
 
 6
 We note that there is no evidence demonstrating that the district court's failure to inform Davis that any testimony by her regarding the offense could be used in a later proceeding and that the district court's failure to inform Davis about its authority to depart affected any of Davis's substantial rights. See DeFusco, 949 F.2d at 117. We also note that the district court informed Davis that the statutory maximum penalty for the crime was life imprisonment. Davis was sentenced to 120 months of incarceration and five years of supervised release. Accordingly, the district court's failure to inform Davis of the effect of supervised release was harmless error. See United States v. Iaquinta, 719 F.2d 83, 85 n. 4 (4th Cir.1983).
 
 
 7
 In addition, the significant provisions of the plea agreement were made a part of the record during the hearing. Accordingly, Davis's substantial rights were not affected.
 
 
 8
 In accordance with the requirements of Anders, we have independently examined the entire record in this case and find no meritorious issues for appeal. We, therefore, affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, see 18 U.S.C.A. Sec. 3006A (West Supp.1993), this Court requires that counsel inform her client, in writing, of her right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Because of the statutory minimum, the corresponding guideline imprisonment range was 120-135 months. United States Sentencing Commission, Guidelines Manual, Sec. 5G1.1(c)(2) (Nov.1992)
 
 
 [2]
 Anders v. California, 386 U.S. 738 (1967)