UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

DESMOND SENTELL DAILEY,
　　　　　　*Defendant-Appellant.*

No. 01-4901

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-00-42)

Submitted: June 26, 2002

Decided: August 23, 2002

Before WILKINS, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Haakon Thorsen, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Desmond Dailey appeals from the 120-month sentence imposed following his guilty plea to one count of conspiracy to possess with intent to distribute crack cocaine and one count of possession with intent to distribute crack cocaine, 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999 & Supp. 2002). Dailey claims that the Government breached an oral plea agreement by failing to administer a polygraph test to confirm his limited role in the conspiracy.

Because he did not object below, Dailey's claim is reviewed for plain error only. *United States v. McQueen*, 108 F.3d 64, 65-66 (4th Cir. 1997). Although not favored, oral plea agreements are enforceable. *United States v. Iaquinta*, 719 F.2d 83, 84 n.2 (4th Cir. 1983). A government promise that is part of the inducement for a guilty plea must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971). The government's breach of such a promise violates due process. *United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994). The interpretation of a plea agreement is "guided by contract law, and parties to the agreement should receive the benefit of their bargain." *McQueen*, 108 F.3d at 66. In *McQueen*, the transcript of the guilty plea hearing established that the government had made an oral promise to recommend that the defendant receive a sentence of no more than 63 months and to recommend that he receive a two-level adjustment for acceptance of responsibility. At sentencing, the government failed to mention the terms of the oral plea agreement. We found that the government's breach constituted plain error requiring that McQueen's sentence be vacated and the case remanded for specific performance of the agreement. *Id.* at 65.

Here, by contrast, we find no evidence in the record to support Dailey's claim that his guilty plea was induced by the Government's promise to administer a polygraph. Although a polygraph examination was mentioned at Dailey's sentencing hearing, it was not in the context of an agreement or promise to induce his guilty plea. Accordingly, we conclude that Dailey cannot show a breach of any plea agreement and therefore affirm his sentence. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*