**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4127**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

         v.

STACY LYNN OLIVER,

              Defendant – Appellant.

**No. 10-4132**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

         v.

STACY OLIVER,

              Defendant – Appellant.

Appeals from the United States District Court for the District
of South Carolina, at Greenville and Rock Hill.  Henry M.
Herlong, Jr., Senior District Judge.  (6:09-cr-00781-HMH-1;
0:03-cr-00358-HMH-1)

Submitted:  November 12, 2010      Decided:  January 4, 2011

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

––––––––––––––––

Charles T. Brooks, III, THE BROOKS LAW OFFICES, LLC, Sumter, South Carolina; John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

––––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Stacy Lynn Oliver appeals the revocation of supervised release on a 2004 conviction of wire fraud, 18 U.S.C.A. § 1343 (West Supp. 2010), and a new, thirty-seven-month sentence imposed on his guilty plea to unauthorized use of a credit card, in violation of 18 U.S.C. § 1029(a)(2) (2006). Oliver raises three claims challenging the unauthorized use conviction; he raises no issues concerning the revocation of supervised release. We affirm in both appeals.

Oliver's supervised release on his 2004 wire fraud conviction commenced in May 2006. In 2007, the probation office notified the district court that Oliver had violated the terms of his supervised release, but recommended taking no action until the pending state charges were adjudicated. Oliver was convicted and sentenced by North Carolina for those offenses, which included credit card fraud, in May 2008.

In July 2009, Oliver was indicted in federal court for a single count of unauthorized use of credit cards ("the unauthorized use conviction"). The same day, a writ of habeas corpus ad prosequendum was issued to the North Carolina Department of Corrections, where Oliver had been serving his state sentence. Oliver was brought to the District of South Carolina and housed at Just Care, a private hospital facility that treats prisoners, in order to accommodate Oliver's need for

3

dialysis. While at Just Care, Oliver continued to engage in fraudulent financial transactions, defrauding both Just Care and TNB Card Services.

Before trial, Oliver came to an oral agreement with the Government wherein Oliver agreed to plead guilty, and in exchange, the Government agreed that: First, it would not charge Oliver for the fraud committed at Just Care, but the amount of the fraud would be added to his restitution amount; second, the Government would not object to the sentence for his supervised release violation running concurrently with the sentence on the indictment; and third, if Oliver convinced the state to permit him to serve the remainder of his state sentence in federal custody, the Government would not object. The district court asked Oliver and his attorney whether that was the agreement as they understood it, and they both confirmed that it was.

The district court ordered Oliver to pay restitution, and it imposed a sentence of twenty-four months' imprisonment for Oliver's violation of the terms of his supervised release, to run concurrently with a thirty-seven-month sentence for Oliver's credit card fraud offense. The district court made clear that the sentence was to run consecutively with Oliver's state sentence. Oliver noted a timely appeal.

Oliver argues that his sentence on the unauthorized use conviction was procedurally unreasonable. This court

4

reviews a sentence for reasonableness, applying a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Our review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). The first step requires that we determine whether the district court committed any significant procedural error, ensuring that the district court properly calculated the defendant's advisory Guidelines range, that it considered the factors enumerated in 18 U.S.C. § 3553(a) (2006) and any arguments presented by the parties, that it based the sentence on an individualized assessment, and that it adequately explained the sentence imposed. See Gall, 552 U.S. at 50-51; Lynn, 592 F.3d at 575; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

In reviewing the substantive reasonableness, this court considers the "totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Oliver has not challenged the substantive reasonableness of his sentence, and his within-Guidelines sentence is afforded an appellate presumption of reasonableness. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

Oliver first asserts that the district court failed to consider his objections to the presentence report ("PSR") for

5

the unauthorized use conviction. The sentencing hearing reflects that there was some tension between Oliver and his attorney. However, the district court did not err in failing to consider objections to the PSR because no objections were raised. Although Oliver stated that he wanted to file an objection to the PSR, he could not identify any objections in even the most general terms. Nor could Oliver's attorney point to any possible grounds for objection. Because the district court was not presented with any objections, and had no reason to believe that granting Oliver more time would yield any, it did not err in failing to consider objections to the PSR.[*]

Next, Oliver argues that the district court failed state a sufficiently particularized basis for the sentence imposed because it failed to explain its denial of his request that his federal sentence run concurrently with his state sentence.

While district judges must provide a particularized assessment justifying the sentence imposed in each case, they need not "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Moreover, "when a judge decides simply to

---

[*] We note that, even on appeal, Oliver has not identified any potential errors in the PSR, nor has he given any indication as to what his objections might have been.

6

apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007); Lynn, 592 F.3d at 576. A properly preserved claim of procedural error is subject to reversal, unless the error was harmless. Id. The government can establish harmless error by showing that the error had no significant, injurious impact on the sentence. United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010).

Here, the district court stated that it considered the § 3553(a) factors, considered the Guidelines as advisory, and concluded that the within-Guidelines sentence of thirty-seven months and payment of restitution satisfied the purposes of the statute. The district court made clear that its decision adopted "the Commission's own reasoning that the Guidelines sentence is a proper sentence." See Rita, 551 U.S. at 357.

The district court also adequately explained its denial of Oliver's request that his federal sentence run concurrently with his state sentence. The record suggests that Oliver either misrepresented or may not have accurately recalled the terms of the oral plea agreement to which he assented at his rearraignment. The possibility of the latter circumstance is among the reasons we have previously stated that it "behooves the government to reduce all oral pleas to writing." United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997).

Nevertheless, this court enforces oral plea agreements. See United States v. Iaquinta, 719 F.2d 83, 84 n.2 (4th Cir. 1983). We are satisfied that the terms of the oral plea agreement, as reflected in the transcript of the rearraignment, are sufficiently clear and unambiguous, and that Oliver understood those terms when he entered the plea. Moreover, Oliver indicated when he entered his plea that he understood that the district court was not bound by the terms of the plea agreement. Therefore, this claim entitles Oliver to no relief.

Finally, Oliver argues that his attorney was laboring under a conflict of interest because Oliver had not paid him, and that the district court erred in failing to hold a hearing to inquire into the possibility of a conflict of interest.

The Sixth Amendment right to effective assistance of counsel includes a duty of loyalty by counsel "that requires the attorney to remain free from conflicts of interest." Stephens v. Branker, 570 F.3d 198, 208 (4th Cir. 2009). However, where a defendant identifies the mere possibility of a conflict, that potential "may not, in practice, contravene this duty of loyalty." Id. In order to prevail, a defendant must show that his attorney labored under an actual conflict of interest that adversely affected the lawyer's performance. Id. at 209. To establish the existence of an actual conflict of interest, Oliver "must show that [his] interests 'diverge[d]

8

[from his attorney's] with respect to a material factual or legal issue or to a course of action.'" Id. (quoting Gilbert v. Moore, 134 F.3d 642, 652 (4th Cir. 1998) (en banc) (alterations in original)).

On this record, Oliver has not established an actual conflict. A fee dispute does not ordinarily establish an actual conflict because courts "presume that counsel will continue to execute [their] professional and ethical duty to zealously represent [their] client[s], notwithstanding the fee dispute." United States v. O'Neil, 118 F.3d 65, 72 (2d Cir. 1997); see Caderno v. United States, 256 F.3d 1213, 1218-19 (11th Cir. 2001) (finding failure to pay counsel showed only possibility of conflict of interest, not actual conflict, though counsel's letters to defendant indicated his frustration at not being paid).

Turning to Oliver's argument that the district court should have held a hearing to determine whether there was an actual conflict, the Supreme Court has required such an inquiry when "the trial court knows or reasonably should know that a particular conflict exists." Cuyler v. Sullivan, 446 U.S. 335, 347 (1980). However, this is "not to be confused with when the trial court is aware of a vague, unspecified possibility of conflict." Mickens v. Taylor, 535 U.S. 162, 168-69 (2002). In Mickens, the Supreme Court held that, even where a trial court

9

fails to inquire into a potential conflict of interest about which it knew or should reasonably have known, a defendant must still establish that the conflict adversely affected his counsel's performance. Id. at 170-73.

Here, neither an actual conflict nor an adverse impact on Oliver's counsel appears conclusively from the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006) (noting ineffective assistance only cognizable on direct appeal when it appears conclusively from the record). To allow for adequate development of the record, Oliver's claim is more appropriately raised in a 28 U.S.C.A. § 2255 (West. Supp. 2010) motion. United States v. Baptiste, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010).

Accordingly, we affirm Oliver's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED