**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4507**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ALVIN WILLIAMS, JR., a/k/a Al, a/k/a Little Cutty,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:11-cr-00003-JFM-32)

Submitted: June 10, 2013          Decided: July 17, 2013

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Warren E. Gorman, Chevy Chase, Maryland, for Appellant. Ayn Brigoli Ducao, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Williams, Jr., pled guilty to one count of conspiracy to distribute and possess with intent to distribute, including within 1000 feet of real property comprising a public housing facility or a public school, one kilogram or more of heroin, in violation of 21 U.S.C. § 841 (2006). His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but raising for the court's consideration the following issues: (1) whether the plea was knowing and voluntary because the parties did not agree to the statement of facts; (2) whether Williams' Guidelines sentence was defective because he did not admit to the quantity of heroin and the Government failed to prove the drug quantity; (3) whether the Guidelines sentence was improperly based in part on the finding that he was on probation during part of the conspiracy; (4) whether evidence gained through wiretaps should have been suppressed; and (5) whether it was error for Williams to receive the PSR less than thirty-five days prior to sentencing. Williams has filed a pro se supplemental brief expounding on the issues raised by counsel and adding other issues. We affirm the conviction and sentence.

Because Williams did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, this court reviews the adequacy of the plea

2

colloquy for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002); United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); see United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard). While Williams now attacks the adequacy of his guilty plea, we note that he was placed under oath and warned of the consequences if he was not truthful. His declarations in response to the district court's questions carry a strong presumption of verity. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). At the Rule 11 hearing, Williams affirmatively agreed that he was not forced or threatened to plead guilty and that he was satisfied with counsel's assistance. He acknowledged the terms of the oral plea agreement and that no one promised him anything else in exchange for his guilty plea. He also agreed that he was responsible for at least one kilogram but less than three kilograms of heroin. Because Williams pled guilty after the trial had started, the evidence admitted at trial provided an independent factual basis for the plea. We conclude that Williams' guilty plea was counseled, knowing and voluntary. Accordingly, we affirm his conviction.

Williams contends that the expert witness who testified at trial regarding drug terminology and code words heard on the wiretap conversations should have been excluded and that the wiretap evidence should have been suppressed. A valid,

3

counseled guilty plea waives all antecedent, non-jurisdictional defects "not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." Menna v. New York, 423 U.S. 61, 62 n.2 (1975); see Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) ("[T]he defendant who has pled guilty has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any indictment at all.") (internal quotation marks and citations omitted). Williams did not enter a conditional guilty plea; thus, he did not preserve the right to appeal the court's adverse rulings regarding the admission of expert testimony or the admission of the telephone conversations collected through wiretaps. Accordingly, Williams' guilty plea forecloses appellate review of these claims.

We further conclude that there was no error in the district court's determination of Williams' offense level. Williams pled guilty to being responsible for at least one kilogram of heroin. Thus, there was no error with a base offense level of thirty-two. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(4). We further note that Williams agreed to be held responsible under the Guidelines for one to three kilograms of heroin, for a one point addition to the offense

4

level because the conspiracy conducted some of its activities within 1000 feet of a school and that he would receive a two point reduction for acceptance of responsibility, resulting in a total offense level of thirty-one.

We further conclude that there was no harmless error with the district court's decision to add two points toward Williams' criminal history category based on the finding that Williams was on probation during a portion of the conspiracy. The Government's evidence appears to support the court's finding. But even if Williams had been successful with his objection and the two points were deducted, he would still be placed in Criminal History Category III because he would be left with four criminal history points.

Williams did not raise at sentencing his claims that he received the presentence investigation report too late to adequately review it or that the district court failed to verify that he and counsel had read and discussed the report. See Fed. R. Crim. P. 32. Thus, our review is for plain error. See Olano, 507 U.S. at 732. Williams fails to establish plain error because he fails to show that he was prejudiced by the alleged Rule 32 violations.

We have reviewed the reasonableness of Williams' sentence and conclude there was no error. The within-Guidelines sentence was both procedurally and substantively sound. See

5

*Gall v. United States*, 552 U.S. 38, 51 (2007). We have reviewed the remainder of Williams' arguments and conclude that they lack merit.

We note that the Government moves to dismiss the appeal based on the appeal waiver in the oral plea agreement. This court does not favor oral plea agreements. See *United States v. Iaquinta*, 719 F.2d 83, 84 n.2 (4th Cir. 1983). Our review of the transcript of the Rule 11 hearing shows that the terms of the appeal waiver were not clear and unambiguous. Accordingly, we deny the motion to dismiss.[*] See *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986) (private law contract principles should be used to determine whether the plea agreement's terms were unambiguous).

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Williams' conviction and sentence. We deny his motion to withdraw the plea agreement. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

---

[*] Our finding regarding the appeal waiver in this instance has no impact upon other portions of the oral plea agreement.

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>