**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-5004**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DANIEL DONDREKUS JOHNSON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Henry M. Herlong, Jr., Senior District Judge.   (8:11-cr-02354-HMH-1)

———————

Submitted:  October 22, 2013      Decided:  October 25, 2013

———————

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant.   Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Dondrekus Johnson pleaded guilty, under an oral plea agreement,[*] to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Johnson to forty-two months' imprisonment. Johnson's counsel has submitted a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in sentencing Johnson and whether counsel was ineffective in failing to negotiate a conditional guilty plea. In his pro se supplemental brief, Johnson argues that the Government breached the oral plea agreement and that the district court erred in denying his motion to suppress. We affirm.

We review Johnson's sentence under a deferential abuse-of-discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. <u>Id.</u>

---

[*] This court does not favor oral plea agreements. <u>See</u> <u>United States v. McQueen</u>, 108 F.3d 64, 66 (4th Cir. 1997) ("[W]e believe it behooves the government to reduce all oral pleas to writing. Accordingly, we suggest that lower courts require all future plea agreements to be reduced to writing." (footnote omitted)); <u>United States v. Iaquinta</u>, 719 F.2d 83, 84 n.2 (4th Cir. 1983) ("We recommend that plea agreements be written and their terms be clear.").

at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the 18 U.S.C. § 3553(a) (2006) sentencing factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51.

Once we have determined that the sentence is free of procedural error, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51; Lynn, 592 F.3d at 575. If the sentence is within the properly calculated Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Because the district court correctly calculated and considered as advisory the applicable Guidelines range and adequately explained its sentencing determination, we conclude that Johnson's sentence was procedurally reasonable. Furthermore, our review of the record leads us to conclude that Johnson has not overcome the presumption of reasonableness

3

applicable to his within-Guidelines sentence. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Johnson.

Counsel also questions whether Johnson received ineffective assistance of trial counsel. Claims of ineffective assistance of counsel, normally raised in a 28 U.S.C. § 2255 motion, are not cognizable on direct appeal unless the record conclusively establishes counsel's deficient performance and resulting prejudice. United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012). As that is not the case in the record before us, we decline to rule on the merits of the claim.

Our review of the claims raised in Johnson's pro se supplemental brief convinces us that they entitle him to no relief. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's conviction and sentence. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED