**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4162**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

UNQUE TYSHAUN TEMONEY, a/k/a Unyque Temoney.

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:22-cr-00092-D-BM-1)

———————————

Submitted:  February 10, 2025                                Decided:  February 26, 2025

———————————

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

———————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————————

**ON BRIEF:** Matthew N. Leerberg, Margaret M. Reece, Nathan W. Wilson, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Unque Tyshaun Temoney pleaded guilty, pursuant to a written plea agreement, to carjacking, in violation of 18 U.S.C. § 2119(1), and possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The written plea agreement contained certain sentencing stipulations made under Fed. R. Crim. P. 11(c)(1)(B), along with an appeal waiver provision.  The district court accepted the sentencing stipulations for purposes of calculating Temoney's advisory Sentencing Guidelines range but departed upward from that range after finding that Temoney's criminal history category of VI substantially underrepresented the seriousness of his criminal history and the likelihood that he will commit other crimes.  *See* U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2023).  After departing upward, the district court sentenced Temoney to 210 months' imprisonment and three years of supervised release.  Temoney now appeals.

On appeal, Temoney pursues three arguments: (1) that his guilty plea was not knowing and voluntary because the district court committed an error during the Fed. R. Crim. P. 11 hearing; (2) that the district court erred in departing upward; and (3) that the district court's oral pronouncement of a discretionary condition of supervised release conflicts with the written judgment's description of that condition, in violation of *United States v. Rogers*, 961 F.3d 291, 297 (4th Cir. 2020).  The Government responds that Temoney's second argument should be dismissed pursuant to the appeal waiver and that his first and third arguments lack merit.  For the reasons stated below, we agree with the Government.  We thus affirm in part and dismiss in part.

2

I.

We start with Temoney's challenge to the validity of his guilty plea. Although the appeal waiver in the plea agreement covers Temoney's right to appeal his convictions, it does not preclude our review of the validity of his guilty plea. *See United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023) ("[T]he existence of [an appeal] waiver does not bar our review of the validity of the guilty plea.").

Temoney argues that the district court erred during the Rule 11 hearing, rendering his guilty plea unknowing and involuntary. More specifically, Temoney observes that the district court failed to inform him that he could not withdraw his guilty plea if the district court were to reject the parties' sentencing stipulations under Rule 11(c)(1)(B). *See* Fed. R. Crim. P. 11(c)(3)(B) (requiring a district court to advise the defendant during the Rule 11 hearing that he "has no right to withdraw the plea if the court does not follow the [sentencing] recommendation or request" made pursuant to Rule 11(c)(1)(B)).

As Temoney concedes, because he did not move to withdraw his guilty plea or otherwise object to the adequacy of the Rule 11 hearing in the district court, our review of this issue for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "The defendant bears the burden of satisfying each element of the plain error standard." *King*, 91 F.4th at 760. "In the Rule 11 context, [the effect on substantial rights] inquiry means

3

that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted).

Here, the parties agree, and the record confirms, that the district court did not provide the advice that Rule 11(c)(3)(B) requires. The district court thus committed an error that is plain under Rule 11. *See United States v. Hope*, 28 F.4th 487, 507 (4th Cir. 2022) ("An error is plain when it is clear or, equivalently, obvious under current law." (alteration and internal quotation marks omitted)); *United States v. Martinez*, 277 F.3d 517, 530-32 (4th Cir. 2002) (holding that district court's failure to provide advice under prior version of Rule 11(c)(3)(B)—that is, Fed. R. Crim. P. 11(e)(2)—constituted plain error).

We are satisfied, however, that Temoney has not established that the district court's plain error affected his substantial rights given the other advice provided to him during the Rule 11 hearing about his inability to withdraw his guilty plea even if he received a sentence prediction that proved to be wrong or was later sentenced to the statutory maximum; similar warnings in the written plea agreement plus specific warnings about the nonbinding nature of the sentencing stipulations and the Guidelines themselves; and the significant benefits that Temoney received from the plea agreement. *See Martinez*, 277 F.3d at 534 (considering benefits that defendant received through plea agreement in assessing whether identical error affected his substantial rights).

It also bears mentioning that the district court accepted the sentencing stipulations in the plea agreement, so Temoney "received everything he could have expected to receive under the plea agreement." *Id.* at 534 n.14. Insofar as the district court later departed

4

upward from the Guidelines range that those stipulations helped establish, the court's decision does not allow Temoney to set aside his guilty plea, particularly when he acknowledged during the Rule 11 hearing that he could not withdraw his guilty plea even if the district court sentenced him to the statutory maximum. *See Dingle v. Stevenson*, 840 F.3d 171, 174 (4th Cir. 2016) ("Pleading guilty typically entails a deliberate choice to accept the risks and rewards of a deal, and that decision may not be casually set aside on the basis of buyer's remorse."). At bottom, we conclude that Temoney has not shown that he is entitled to a vacatur of his guilty plea because he has not established that the district court's plain error affected his substantial rights.[1]

## II.

Temoney next argues that the district court erred in departing upward under USSG § 4A1.3, p.s. The Government contends that the appeal waiver covers this argument and requires its dismissal. Temoney insists, however, that the appeal waiver should not be enforced because the district court did not adequately discuss it during the Rule 11 hearing and because enforcing it as to this sentencing issue would result in a miscarriage of justice.

---

[1] We have considered Temoney's arguments that he persisted in a not guilty plea until about one week before the scheduled trial date and that he had prepared for trial. We have also reviewed Temoney's argument that a decision to proceed to trial would have been rational given the Government's evidence against him. But those arguments do little to establish that Temoney's guilty plea was "contingent on his being able to withdraw [it] if the [parties' sentencing stipulations were] rejected." *Martinez*, 277 F.3d at 533. To the extent that Temoney relies on *United States v. Iaquinta*, 719 F.2d 83 (4th Cir. 1983), we conclude that our decision in that case does not require automatic reversal on plain-error review for this type of error.

With respect to the latter argument, Temoney maintains that there has been a change in the law that undermines the district court's reasoning for departing upward.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). Upon review of the record, including the plea agreement and the transcript of the Rule 11 hearing, we conclude that Temoney knowingly and voluntarily waived his right to appeal his conviction and sentence. Contrary to Temoney's contention, the district court thoroughly reviewed the appeal waiver provision during the Rule 11 hearing, and after the court did so, Temoney confirmed under oath that he understood it. *See United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) ("Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." (internal quotation marks omitted)). We also conclude that the appeal waiver—by which Temoney waived his right to appeal his sentence on any ground (with certain exceptions not applicable here)—applies to his challenge to the district court's upward departure ruling.

As for Temoney's argument that the appeal waiver should not be enforced on this issue because a miscarriage of justice will result, we are unconvinced. *See United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (explaining that an appeal waiver "remains valid even in light of a subsequent change in the law" but recognizing an exception when a miscarriage of justice would result from enforcing an appeal waiver, such as when a

6

defendant makes a cognizable claim of actual innocence (internal quotation marks omitted)); *United States v. Thornsbury*, 670 F.3d 532, 539 (4th Cir. 2012) (identifying circumstances in which this court will not enforce appeal waiver).  Temoney identifies no authority from our court applying the miscarriage of justice exception in similar circumstances.  And we have previously rejected similar miscarriage of justice arguments.  *See United States v. Blick*, 408 F.3d 162, 169-71 (4th Cir. 2005); *United States v. Mikalajunas*, 186 F.3d 490, 496-97 (4th Cir. 1999).  We therefore dismiss Temoney's challenge to the district court's upward departure ruling.

### III.

Finally, Temoney maintains that the district court committed an error under our *Rogers* decision that requires a vacatur of his sentence and a remand for resentencing.[2]  In *Rogers*, we held that a district court is required to orally pronounce at sentencing all discretionary conditions of supervised release.  961 F.3d at 297.  When a district court includes in the written judgment a supervised release condition that was not orally pronounced, we generally vacate the defendant's entire sentence and remand for resentencing.  *See United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir. 2024), *cert. denied*, No. 23-7568, 2024 WL 4426906 (U.S. Oct. 7, 2024).

---

[2] We have held that a *Rogers* error falls outside the scope of an appeal waiver provision covering the right to appeal "whatever sentence is imposed," like the appeal waiver here, because "the heart of [such a] claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been 'imposed' on the defendant." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021).

Relevant here, a reversible *Rogers* error may also exist if there is "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (internal quotation marks omitted). But we have explained that "the written judgment does not have to match perfectly with the oral pronouncement," as "not all inconsistencies between the written judgment and what was orally pronounced are reversible error." *Id.*

For example, a discrepancy between a discretionary condition as pronounced at the sentencing hearing and as stated in a written judgment is not reversible: (1) "when the oral pronouncement is ambiguous" and "the written judgment's different language . . . serve[s] to clarify the sentence"; or (2) "when the government has offered an explanation for the alleged inconsistency" between the oral pronouncement and the written judgment, "to which the defendant has not responded." *Id.* In contrast, a discrepancy is material when the written judgment "imposes a new condition by outlining an additional obligation" on the defendant that was not pronounced at the sentencing hearing. *Id.* at 198.

"We review the consistency of an oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *United States v. Bullis*, 122 F.4th 107, 112 (4th Cir. 2024) (alteration and internal quotation marks omitted).

Here, the district court pronounced at the sentencing hearing that Temoney would be subject to the following discretionary supervised release condition related to drug treatment:

8

> [Y]ou shall participate as directed in a program approved by probation for the treatment of narcotic addiction, drug dependency or alcohol dependency, which will include urinalysis testing or other drug detection measures.

J.A. 190.[3]  But the district court later described that condition in the written judgment as follows:

> The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures *and may require residence or participation in a residential treatment facility*.

J.A. 71 (emphasis added).

Despite the additional language in the written judgment, we conclude that there is no reversible *Rogers* error here.  The additional language did not impose any new obligation on Temoney.  Indeed, the probation officer could have required Temoney to participate in a residential drug treatment program even under the drug treatment condition as pronounced at the sentencing hearing.  To the extent that there was any ambiguity on that topic after the sentencing hearing, the written judgment simply clarified it.  We thus conclude that Temoney is not entitled to relief under *Rogers*.

## IV.

Accordingly, we dismiss Temoney's challenge to the district court's upward departure ruling and affirm as to Temoney's other challenges.  We dispense with oral

---

[3] Citations to "J.A." refer to the Joint Appendix filed by the parties in this appeal.

9

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART AND*
*DISMISSED IN PART*